IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

TIMOTHY JOHNSON
Reg. #20062-076                                                                                    PETITIONER

V.                             CASE NO. 2:16-CV-00153-BRW-JTK

CV RIVERA, *Warden*
FCI Forrest City-Medium                                                           RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Timothy Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (DE # 1) Petitioner's federal sentence derives from a guilty plea in the United States District Court for the Western District of Tennessee, in 2015, where he received a seventy-two (72) month sentence for possession of stolen firearms. (DE # 10-1) On December 4, 2015, the Petitioner filed a Motion to Vacate or Correct Illegal Sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Tennessee. (DE # 10-4) In his motion, the Petitioner argued that his due process rights were being violated due to "misapplication of the United States sentencing guidelines." (DE # 10-5) Specifically, he argued that he received +4 offense level points for a prior case for possession of a firearm but that the charges were dropped prior to sentencing; therefore, he should not have received the enhancement. *Id.* The United States

filed its Answer on August 8, 2016, and subsequently the Petitioner filed a Motion to Request Permission to Amend his § 2255 Motion and a Motion to Compel the Court to rule on his motion. (DE # 10-4)  Both motions are currently pending in the Western District of Tennessee District Court. *Id.*

On November 18, 2016, Petitioner filed his Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241.  In his petition, he argues that he is currently serving an illegal sentence due to a +4 offense level enhancement for a dismissed charge. (DE # 1)  He is requesting for the Court to remove the enhancement and for a sentence within the guidelines from 23 to 19, "which would trigger an immediate release." *Id.*  The Petitioner admits within his petition that he has a § 2255 motion pending in the sentencing court. *Id.*  Respondent contends the petition should be dismissed because this Court lacks subject matter to entertain the petition under § 2241.  For the reasons that follow, the Court agrees with Respondent and finds that the petition should be denied and dismissed without prejudice.

Petitioner is not entitled to use this § 2241 proceeding to challenge the validity of his current federal sentence.  Petitioner is incarcerated in this judicial district, but this is not the district where his federal conviction and sentence arose.  Issues concerning the lawfulness of a federal conviction and the sentence imposed generally must be brought in the sentencing court through a § 2255 motion to vacate, set aside or correct. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *see* § 2255 ¶ 1 (a federal prisoner "may move the court which imposed the sentence" to vacate, set aside or correct the sentence).  Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced him. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).  In contrast, a § 2241 habeas corpus petition attacks the execution of a

sentence, or the manner in which the sentence is being carried out, and it is within the subject matter jurisdiction of the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323.  It is not disputed that the claims within Petitioner's current petition in this Court are challenging the validity of his conviction or sentence as imposed.  Therefore, his claims must be directed to the Tennessee district court that convicted and sentenced him or to the appropriate Court of Appeals (in this case, the Sixth Circuit).

No court has jurisdiction to hear such a challenge under § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." *DeSimone*, 805 F.2d at 323 (quoting § 2255).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *Abdullah*, 392 F.3d at 959, because when it applies, it can save a § 2241 habeas from being dismissed under the § 2255 exclusive remedy rule.  Here, Petitioner is clearly challenging the validity of the sentence that was imposed by the Tennessee federal court.  Such challenge is appropriate under § 2255, and as previously discussed, Petitioner's § 2255 motion is currently pending in the sentencing court.

Petitioner alleges that his remedy under § 2255 is inadequate or ineffective in order to challenge his sentence due to "the timeframe for the courts to respond and the probation office's refusal to respond."  (DE # 1)  The Petitioner cannot satisfy the requirements for this Court to adjudicate his § 2241 petition with the pending motions he has in Tennessee federal court.  Furthermore, even if the Western District of Tennessee District Court denies him § 2255 relief,

the Eighth Circuit has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed[.]" *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (internal citations omitted); *see also Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (concluding that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

In summary, this Court lacks subject matter jurisdiction to consider the § 2241 claims because Petitioner has not demonstrated that the § 2255 remedy is ineffective or inadequate. *Abdullah*, 392 F.3d at 964. Accordingly, it is recommended that this 28 U.S.C. § 2241 petition for habeas corpus (DE #1) be denied and dismissed without prejudice.

SO ORDERED this 22nd day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE